UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LEROY JOHNSON, Individually and on Behalf
of All Other Persons Similarly Situated,

                    Plaintiffs,

          -against-

EXECUTIVE TRAVEL AGENCY, LLC &
CHRISTOPHER LITTLE, Jointly and Severally

                  Defendant.

-------------------------------------------------------------------X

**FIRST AMENDED CLASS AND
COLLECTIVE ACTION
COMPLAINT AND DEMAND
FOR JURY TRIAL**

Docket No. 07 CV 11139

(Jones, J.)(Maas, M.J.)

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1.     Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as drivers, that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law as well as improper deductions from wages, and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2.     Plaintiff further complains, on behalf of himself and other similarly situated current and former employees that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§650 et seq., including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) as well as improper deductions made from their wages in violation of said statutes as well as an extra hour of pay for days in which they worked 10 or more hours per day ("spread of hours" pay).

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4.     Venue is proper in this district pursuant to 29 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

6.     Plaintiff resides in Kings County, New York.

7.     Upon information and belief, Defendant, Executive Travel Agency, LLC, a Maryland Corporation, owns and operates an ambulette transportation service.

8.     Upon information and belief, Defendant has a principal place of business located at 8-23 Astoria Boulevard, Astoria, New York 11102 and provides ambulette services for patients at Veteran's Administration hospitals ("VA") including the VA hospital located on 23rd Street, New York, New York.

9.     Upon information and belief, the individually named defendant, Christopher Little, resides in Kings County.

## COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since December 8, 2004 to the entry of judgment in this case (the

2

"Collective Action Period"), who were drivers and comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who received no compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that are experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has

3

acted on grounds generally applicable to all members. The common questions of law and fact common to Plaintiff and other Collective Action Members are as follows:

    a.   whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

    b.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

    d.   whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek and promulgated made improper deductions from their wages, in violation of the FLSA and the regulations promulgated thereunder;

    e.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    f.   whether Defendants' are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    g.   whether Defendants should be enjoined from such violations of the FLSA in the future.

15.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

4

## CLASS ALLEGATIONS

16.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17.    Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since December 8, 2001, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were drivers and comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid for overtime wages and/or had improper deductions from their wages in violation of the New York Labor Law (the "Class").

18.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 40 members of Class during the Class Period.

19.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

20.    Defendants have acted or have refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

5

22.    Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a.    whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

      b.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

      c.    whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek and/or made improper deductions from their wages within the meaning of the New York Labor Law;

      d.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

      e.    whether Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

24.    Plaintiff was an ambulette driver employed by Defendants from on or about December, 2006 until on or about September 21, 2007 (the "time period").

25.    Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

26.    Defendant Christopher Little directly supervised Plaintiff, set Plaintiff's schedule, and was responsible for paying Plaintiff. The individually named Defendant therefore qualifies as an employee under the Fair Labor Standards Act and New York Labor Law.

27.    The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

28.    Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff and other driver employees overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day in which Plaintiffs worked hours more than ten hours apart and/or made improper deductions from their wages, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

29.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

30.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

32.    At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

33.    Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

34.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

35.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek and made improper deductions from their wages.

36.    As a result of the Defendants' willful failure to compensate its employees, including Plaintiff, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and for improper deductions from their wages, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

37.    Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

38.    As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

39.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

8

40.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation and improper wage deductions, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

41.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42.    At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§2 and 651.

43.    Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, an additional hour of pay for each hour worked in excess of ten hours in one day ("spread of hours") and for making improper deductions from their wages, in violation of the New York Labor Law and its regulations.

44.    Defendants's New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

45.    Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant unpaid overtime compensation, improper deductions from wages, unpaid spread of hours pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law §663(1).

9

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.    An award of unpaid overtime compensation and improper wage deductions due under the FLSA and the New York Labor Law and spread of hours pay pursuant to the New York Labor Law;

f.     An award of liquidated and/or punitive damages as a result of the Defendant's

willful failure to pay overtime compensation and improper deductions from wages

pursuant to 29 U.S.C. § 216;

g.     An award of liquidated and/or punitive damages as a result of the Defendant's

willful failure to pay overtime compensation and improper deductions from wages

pursuant to the New York Labor Law;

h.     An award of prejudgment and post-judgment interest;

i.     An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

j.     Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all questions of fact raised by the complaint.


Dated: New York, New York
       April 1, 2008

By: _____
      Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York 10011
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR

11

New York, New York 10003
Telephone (212) 228-9795

ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASS

## NOTICE OF CONSENT TO JOIN

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _____Executive Travel Ag__to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____11/15/07_____
DATE

_____
CLIENT SIGNATURE